IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. CASE NO. 2:21-cr-165-ECM |
| ) | [WO] |
| DARIOUS JAMAL JACKSON ) | |

**O R D E R**

Now pending before the Court are the United States Probation Office's ("USPO") petition for revocation of probation (doc. 45), and the United States and the Defendant's (the "parties") joint motion to impose judgment and waiver of final revocation hearing (doc. 57).

The Defendant is charged with three violations of the terms of his supervised release. In Violation 1, he is alleged to have violated the special condition that he "shall participate in the Location Monitoring Program and shall comply with the conditions of home detention . . . for a period of 6 months," in that between December 29, 2024, and January 24, 2025, the Defendant admitted to leaving his residence for reasons other than those previously approved by his probation officer (employment search, attending drug treatment, and attending school). In Violation 2, he is alleged to have violated the special condition that he "shall participate in a program approved by the United States Probation Office for substance abuse as directed," in that on January 24, 2025, he was unsuccessfully discharged from outpatient treatment with Alethia House for abandoning the program against staff advice and inconsistent treatment attendance. In Violation 3, he is alleged to have violated the special condition that he "must refrain from any unlawful use of a

controlled substance," in that on January 27, 2025, he tested presumptive positive for marijuana, admitted that he used marijuana, and signed an admission form. This was the Defendant's fifth positive drug screen since the commencement of supervision.

Pursuant to the parties' agreement, the Defendant agrees to plead guilty to Violations 1, 2, and 3. The parties submit that 10 months' imprisonment, with no period of supervised release to follow, is an appropriate sentence. The parties further represent that the Defendant "expressly waives his right to a final hearing on the Petition for Revocation of Supervised Release." (Doc. 57 at 2). Based on a separate communication, the supervising United States Probation Officer expressed no objection to the parties' agreement.

For the following reasons, the Court will accept the parties' agreement; grant the revocation petition (doc. 45); revoke the Defendant's supervised release; and sentence him to 10 months' imprisonment, with no additional term of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under this rule, the Defendant has the right to

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

FED. R. CRIM. P. 32.1(b)(2). The rule also provides that a defendant can waive a revocation hearing: "*Unless waived by the person*, the court must hold the revocation

hearing within a reasonable time in the district having jurisdiction." *Id.* (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 497 (11th Cir. 2020) (per curiam) ("The Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing." (citing FED. R. CRIM. P. 32.1(b)(2)). Based on a defendant's express waiver, Rule 32.1(b)(2) permits a court to enter judgment without a revocation hearing.

The Court finds that the violation is a Grade C violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(3); the Defendant's criminal history category is IV; and the advisory guideline range of imprisonment is 6 to 12 months, *see* USSG § 7B1.4(a). The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of 10 months' imprisonment, with no term of supervision to follow, is an appropriate sentence in this case.

Accordingly, upon consideration of the entire record, and for good cause, it is

ORDERED as follows:

1. The parties' joint motion to impose judgment (doc. 57) is GRANTED;

2. USPO's petition for revocation of probation (doc. 45) is GRANTED;

3. The parties' agreement and the Defendant's express waiver of his right to a final revocation hearing are ACCEPTED;

4. Based on the Defendant's plea of guilty to Violations 1, 2, and 3, the Court finds that the Defendant violated the special conditions of the terms of his supervised release, specifically that he "shall participate in the Location Monitoring Program and

shall comply with the conditions of home detention . . . for a period of 6 months"; that he "shall participate in a program approved by the United States Probation Office for substance abuse as directed"; and that he "must refrain from any unlawful use of a controlled substance."

5. The violation is a Grade C violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(3); the Defendant's criminal history category is IV; and the advisory guideline range of imprisonment is 6 to 12 months, *see* USSG § 7B1.4(a);

6. The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of 10 months' imprisonment is an appropriate sentence in this case, with no term of supervision to follow;

7. The final revocation hearing set for March 12, 2025 is CANCELLED, and the parties' deadlines to submit position memoranda, exhibits, and responsive memoranda (doc. 56) are TERMINATED.

8. Judgment will be entered separately.

Done this 13th day of February, 2025.

                                      /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE